### TRAER *against* BOWMAN.

The motion for judgment, in an action of ejectment, must be founded on an affidavit of the service of the writ, and must be at the term when default is made.

ERROR to the Common Pleas of *Fayette* county.

*Richard E. Bowman* brought this action of ejectment against *Geo. Tracy* for a house and lot of ground, with the premises, situate in Smithfield, *George* township, and occupied by said *Traer* as a public house, containing forty four perches of ground, number 11 in the plan of said town, adjoining lots of ———.''  The writ contained the same description.  The suit was brought to October term, 1823.  There being no appearance for the defendant, the court, on motion, entered a judgment for the plaintiff; which they afterwards, on argument refused to open.

The errors assigned were—1. That the judgment was entered without an affidavit of the service of the writ, and not at the term when default was made, and, 2, That the description was not sufficient.

*W. Wilkins*, for plaintiff in error, cited 2 *Sec. of the Act of* 13 *April,* 1807, *Purd. Dig.* 204. *Lyons* v. *Miller*, 4 *Serg. & R.* 279.

*Austin contra*, cited *Cahill* v. *Benn*, 6 *Bin.* 99.  1 *Penn'a. Prac.* 32. *Crosby* v. *Massey*, 1 *Penn'a. Rep.* 232.  2 *Penn'a. Prac.* 425.

PER CURIAM.—It is unnecessary to say any thing about the description, as the judgment is clearly irregular. The act of assembly points out the method to be pursued in similar cases.  The motion for judgment must be founded on an affidavit of service, and must

(Tracr *v.* Bowman.)

be at the term when default is made.   There was no affidavit here, and the judgment was had at an improper time; so that it is impossible to sustain it.

Judgment reversed