## Case No. 10,796.

### PATERSON v. EVANS.

[3 Wall. Jr. 215; 20 Leg. Int. 28.]

Circuit Court, W. D. Pennsylvania. Nov., 1856.

PRACTICE—EJECTMENT.

A judgment in ejectment by default for want of a plea, without a rule to plead and thus putting the defendant in default, is irregular; and this whether the suit be brought in the way usual in the state courts of Pennsylvania, and now allowed by rule of court, in the federal court of the Third circuit, or whether it be brought in the English way formerly used and still allowable in this court.

This was a motion to set aside a judgment by default in ejectment; the case being thus: By a statute of 1806, the legislature of Pennsylvania abolished the common law mode of instituting actions in ejectment, and substituted a writ of summons in a certain form; ordering, also, a declaration to be filed. This act requires the plaintiff to file on or before the first term, a description of the land, and number of acres claimed. It provides also, that the defendant shall enter his defence (if any he hath) before the next term. A supplementary act of 1807, provides that the sheriff may serve the writ on persons found in possession and not named in the writ, who may be made parties by the prothonotary on return of the writ; and also, that in case of any of the defendants not appearing, on affidavit by the sheriff of service of the writ, the plaintiff may have judgment by default. By the rules of this court, a case cannot be set for trial without an issue. If the plaintiff wishes to set the cause down for trial, he may either order the clerk to enter the plea, and thus set the case at issue, or he may rule the defendant to plead, and have a judgment in default of plea. In this state of the law and rules,

the plaintiff, James Paterson, had brought ejectment against Elihu Evans, in the form prescribed by the statute of Pennsylvania; that form or the English one, being allowed in this circuit, at the plaintiff's option. The suit had been brought to May, 1855. The defendants appeared by counsel, but entered no plea. The plaintiff's counsel ordered the case on the trial list for November, 1856. When the list was called, Mr. Williams, for defendant, moved to have the case struck off the list, because, not being at issue, it was improperly, under the rules, set down for trial. The court (Irvin, J.) granted the motion. Mr. Shaler, for the plaintiff, then moved for judgment by default, which the same court also granted. Mr. Williams now moved to set aside this judgment as irregular, contending that there could be no judgment without a default. Mr. Shaler, on the other side, arguing that the defendant, by not pleading at the second term, as the act of 1806 required him to do, was in default, and that the judgment was regular.

GRIER, Circuit Justice. In our circuit, the plaintiff may bring his suit either in the old-fashioned English way, or in that practised in the state courts. If he adopt the latter way, he must conform to it in all respects. He cannot have a rule on the tenant to appear and plead, and confess lease, entry and ouster, and enter an office judgment in six weeks in case of default, as he might by the old mode. If the defendant does not appear, the plaintiff may have a judgment by default, as provided for by the act of assembly. If the defendant appears, he has till the next term to enter his plea, by the act of 1806, and although the act of 1807 might seem to admit of a judgment in default of appearance at the first term, the courts of Pennsylvania have decided that the two acts must be construed together, and that the judgment cannot be entered for such default till the second term. In Vanderslice v. Garven, 14 Serg. & R. 273, it is said, "The plaintiff could take no step except filing his description, until the second term. The defendant was not bound to do anything till the second term." Traer v. Bowman, 3 Pen. & W. 70, which says that the judgment "must be founded in an affidavit of service, and must be at the term when the default was made"—must, therefore, mean the second term, otherwise, between the two decisions, the plaintiff could have no judgment at all under the act. But the act of assembly does not provide that if the defendant has appeared, but has not entered his plea at the second term, that plaintiff may on motion have judgment for want of such plea without putting defendant in default by a rule to plead by a certain time. If there be no plea the plaintiff must proceed as in other cases instituted by summons. He must enter a rule to plead or judgment. If this rule be not complied

with, he may demand judgment for want of plea as in other cases. We have no special rule in this court providing any peculiar practice in this respect in actions of ejectment. It is the practice in the district court of the state, in this county, for the plaintiff's attorney to order the plea of "not guilty" to be entered by the clerk, in order to put the case at issue. If any plea in abatement was intended, it should have been entered by the second term at least, if not at the first. The defendant, therefore, has no right to complain if the only plea he can enter be entered for him. So much is it considered a matter of mere form, that a verdict and judgment are valid in ejectment where there is no plea.

The plaintiff has not pursued either of the courses, usual in this court; I mean has neither directed the clerk to enter a plea, nor himself ruled the defendant, but having set the cause for trial without an issue, he has obtained a judgment for want of plea, without any rule to put the defendant in default. This is irregular, and the judgment must be set aside. The plaintiff can always avoid the delay incident to proceeding by summons according to the state practice, if he pursues the old common law form of serving a declaration, and ruling the tenant to plead and confess leave, entry and ouster. Judgment set aside.

[At the trial of this case there was a judgment in favor of the plaintiff, which was affirmed by the supreme court. where it was carried on writ of error. 4 Wall. (71 U. S.) 224.]